IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEREBRUM SENSOR TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> REVVO TECHNOLOGIES, INC., <br><br> Defendant. | ) ) ) ) ) ) C.A. No. _____ ) ) ) **JURY TRIAL DEMANDED** ) ) ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Cerebrum Sensor Technologies, Inc. ("Cerebrum" or "Plaintiff") brings this action for patent infringement against Revvo Technologies, Inc. ("Revvo" or "Defendant").

**NATURE OF THE ACTION**

1.     This is a civil action for patent infringement. This action concerns Revvo's infringement of U.S. Patent No. 12,344,051 ("the '051 Patent," attached hereto as Exhibit A) (the "Asserted Patent" or "Patent-in-Suit").

2.     Cerebrum is the assignee and owner of all rights, title, and interest in the '051 Patent.

3.     This action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §271.

**THE PARTIES**

4.     Cerebrum is a corporation organized and existing under the laws of Delaware, having a principal place of business located at 8105 Orion Avenue, Van Nuys, California 91406.

5.     On information and belief, Revvo is a corporation organized and existing under the laws of Delaware, having a principal place of business located at 900 Concar Drive, San Mateo, California 94402.

6. On information and belief, Revvo may be served through its registered agent, National Registered Agents, Inc., located at 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

7. This civil action for patent infringement arises under the patent laws of the United States, 35 U.S.C § 1 et seq., including in particular under 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. This Court has personal jurisdiction over Revvo, and venue is proper in this district pursuant to 28 U.S.C. § 1400(b), at least because Revvo is a Delaware corporation and thus resides in this district.

## THE PATENTS-IN-SUIT

9. The '051 Patent, entitled "Sensor assemblies and systems for monitoring a dynamic object," was duly and legally issued on July 1, 2025 by the USPTO. A copy of the '051 Patent is attached as Exhibit A.

## FACTUAL BACKGROUND ON CEREBRUM

10. Founded by Chief Executive Officer (CEO) Keith Ferry in 2019, Cerebrum has developed sensor technologies for tires.

11. Cerebrum develops and distributes innovative tire sensors, receivers and software. Utilizing over a decade of rubber bonding experience, patented technology and extensive research and development, Cerebrum has emerged to fulfill the industry's need for universal, original equipment manufacture ("OEM") and aftermarket smart tire solutions that improve safety, tire and vehicle performance and support the continuous improvement of autonomous vehicles.

12. Cerebrum devices and software provide a range of advanced data to the vehicle and operator ultimately allowing an in-depth view of the dynamics of each wheel and tire. Utilizing

strategic partnerships with tire companies, automotive manufacturers and renowned motorsports teams, Cerebrum engineers have developed innovative tire-mounted sensors capable of withstanding the most demanding track, road and off-road conditions.

13. Combining the latest in hardware technology and wireless communication protocols with sophisticated algorithms, Cerebrum products gather never-before-seen detailed tire analytics including: Tire pressure including leak detection and critical failure alerts; Tire rubber temperature monitoring vs. air temperature as measured by TPMS sensors; Tire blowout detection alerts; Tread depth health; Wheel and tire alignment variations; Fuel and premature tire wear costs; Excess Carbon Dioxide emissions summary; Advanced Mode performance sessions with GPS and tire summary; Recommendations on tire adjustments prior and post-performance sessions; and Fully exportable and shareable Session Details.

14. Cerebrum's engineers continue to expand the Cerebrum technology to include more vehicles, applications, information available and ways to access it with the end goal of improving the safety and performance of vehicles worldwide.

15. As a result of innovations at Cerebrum, Keith Ferry, Cerebrum's CEO, was awarded the '051 Patent. Mr. Ferry then assigned his entire title, right and interest in the '051 Patent to Cerebrum.

16. After the '051 Patent issued on July 1, 2025, Cerebrum has complied with the marking requirement under 35 U.S.C. § 287, including by identifying the '051 Patent number for Cerebrum's products on its website, [https://cerebrumsensor.com/pages/virtual-patent-marking](https://cerebrumsensor.com/pages/virtual-patent-marking), and by Cerebrum product instruction guides identifying the link to the Cerebrum website [https://cerebrumsensor.com/pages/virtual-patent-marking](https://cerebrumsensor.com/pages/virtual-patent-marking). The '051 Patent number is also being physically placed on the Cerebrum products in Cerebrum's next production.

## FACTUAL BACKGROUND ON REVVO

17. Revvo offers for sale sensor products through its website at https://www.revvo.ai/, including the Revvo Pro Tire Mounted Sensor (collectively, "the Accused Revvo Tire Sensor Products").

18. On information and belief, Revvo makes, uses, offers to sell, or sells within the United States, and imports into the United States, the Accused Revvo Tire Sensor Products.

19. Attached as Exhibit B is a chart providing examples of infringement of the '051 Patent by the Accused Revvo Tire Sensor Products.

20. Attached as Exhibit C is a printout of Revvo's website that has been available at https://www.revvo.ai/tire-sensor-options, which includes descriptions of the Accused Revvo Tire Sensor Products.

21. Attached as Exhibit D is Revvo's Dock Installation Guide for its Revvo Pro Tire Mounted Sensor, which was available at Revvo's website https://www.revvo.ai/setup/#hardware-guides (attached as Exhibit E).

22. Attached as Exhibit F is Revvo's Statement of Use for trademark application Serial Number 88317303, filed by Revvo in the USPTO on February 15, 2023. Revvo's Statement of Use says "The mark was first used by the applicant, or the applicant's related company, licensee, or predecessor in interest at least as early as 07/22/2020, and first used in commerce at least as early as 10/10/2022, and is now in use in such commerce. The applicant is submitting one specimen for the class showing the mark as used in commerce on or in connection with any item in the class, consisting of a(n) A screenshot of the website landing page with pictures of the noted goods featuring the mark and a way to contact the sales department to place an order. A picture of the

noted hardware with the mark affixed. A picture of a trade show booth with the hardware featured on a table with signage featuring the mark."

23. Attached as Exhibit G is the specimen mentioned above in Exhibit F.

24. Exhibit G shows a screenshot of the Revvo website landing page with pictures of the noted goods featuring the mark and a way to contact the sales department to place an order.

25. Exhibit G shows a picture of the noted Revvo hardware with the mark affixed.

26. Exhibit G shows a picture of a Revvo trade show booth with the hardware featured on a table with signage featuring the mark.

27. Exhibit H is a printout of Revvo's current website at https://www.revvo.ai/product/revvo-connect.

28. Exhibit I is a printout of Revvo's current website at https://www.revvo.ai/tire-sensor-options/#sensor-pro.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 12,344,051

29. Cerebrum incorporates and reallege paragraphs 1-28 above as if fully set forth herein.

30. Revvo has infringed and continues to infringe one or more claims of the '051 Patent, including without limitation claims 1 and 56, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused Revvo Tire Sensor Products and/or components thereof. Exhibit B provides an exemplary infringement claim chart for exemplary and/or representative Accused Revvo Tire Sensor Products.

31. On information and belief, Revvo has had knowledge of the '051 Patent since on or about July 1, 2025, the date on which the '051 Patent issued, at least because Revvo was

previously notified by Cerebrum on June 16, 2025 that the application for the '051 Patent (application number 16671105) had been allowed and would be issuing as a patent and Cerebrum provided the Patent Office notice of allowance to Revvo.

32. Revvo, without authority and with knowledge of the '051 Patent, has actively induced infringement since no later than July 1, 2025, and continues to actively induce infringement of one or more claims of the '051 Patent, including without limitation claims 1 and 56, under 35 U.S.C. § 271(b), literally or under the doctrine of equivalents, by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused Revvo Tire Sensor Products and intentionally instructing or otherwise encouraging others, including Revvo's customers and end users to use the Accused Revvo Tire Sensor Products in the United States in a manner that infringes one or more claims of the '051 Patent, including as described in Exhibit B.

33. Revvo has contributed to, since no later than July 1, 2025, and continues to contribute to the infringement by others of one or more claims of the '051 Patent, including without limitation claims 1 and 56, pursuant to 35 U.S.C. § 271(c) literally or under the doctrine of equivalents, by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused Revvo Tire Sensor Products and/or components thereof, or has others perform such acts on its behalf, specifically so that the Accused Revvo Tire Sensor Products will be used in an infringing manner by others, including use as described in Exhibit B by Revvo's customers and end users. Moreover, as shown in Revvo's instructional materials (e.g., Exhibit C, Exhibit D, Exhibit E and Exhibit H) in which no alternative use of the Accused Revvo Tire Sensor Products is described, there is no other substantial use for the Accused Revvo Tire Sensor Products or its components. Thus, the Accused Revvo Tire Sensor Products are a material

part of the claimed inventions of the '051 Patent that result in infringement when used. As a result of Revvo making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused Revvo Tire Sensor Products and/or components thereof, on information and belief other entities use these products for their intended purposes and according to Revvo's instructions with the result that such entities, such as Revvo's customers and users of the Accused Revvo Tire Sensor Products, directly infringe the asserted claims of the '051 Patent, literally or under the doctrine of equivalents, for the reasons stated above and in Exhibit B.

34. As explained below, on information and belief, Revvo acts knowingly and/or willfully blind as to the existence of the '051 Patent claims and as to the fact that at least the Accused Revvo Tire Sensor Products are specially made and adapted for this use in an infringing manner, are not staple articles of commerce, and do not have substantial non-infringing use.

35. On information and belief, Revvo was aware of or acted with willful blindness to the existence of the '051 Patent and the infringement of the '051 Patent by third parties, including, without limitation, users, customers, affiliates, parents, subsidiaries, third parties, importers, and/or sellers. As described above, Revvo knew, should have known, or was willfully blind to the existence of the '051 Patent, and has since knowingly acted in disregard of Cerebrum's patent rights, including by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Accused Revvo Tire Sensor Products and/or components thereof.

36. As described above, Revvo's infringement of the '051 Patent has been willful.

37. Cerebrum has suffered and continues to suffer damages as a result of Revvo's infringement of the '051 Patent.

38. Unless Revvo is enjoined from infringing the '051 Patent, Revvo's efforts to design, develop, market, offer to sell, and sell the Accused Revvo Tire Sensor Products will cause Cerebrum to suffer irreparable injury for which damages are an inadequate remedy.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a) Judgment that Revvo has infringed and will infringe the Patent-in-Suit under 35 U.S.C. § 271(a), § 271(b), and/or § 271(c);

b) An award of damages to Cerebrum for Revvo's infringement of the Patent-in-Suit, in an amount to be determined at trial, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

c) An award of treble damages to Cerebrum for Revvo's willful infringement of the Patent-in-Suit pursuant to 35 U.S.C. § 284;

d) A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 and an award of reasonable attorneys' fees, expenses, and disbursements of this action to Plaintiff; and

e) An award of Plaintiff's reasonable costs and expenses in this action;

f) An order enjoining and restraining Revvo and its officers, agents, employees, and those acting in privity with them, from further infringement of the Patent-in-Suit; and

g) Such further and other relief as this Court deems proper and just.

|  |  |
|---|---|
| | M<small>ORRIS</small>, N<small>ICHOLS</small>, A<small>RSHT</small> & T<small>UNNELL</small> LLP |
| | */s/ Karen Jacobs* |
| OF COUNSEL: | Karen Jacobs (#2881) |
| | Lucinda C. Cucuzzella (#3491) |
| Christopher D. Bright | 1201 North Market Street |
| S<small>NELL</small> & W<small>ILMER</small> L.L.P. | P.O. Box 1347 |
| Plaza Tower | Wilmington, DE  19899 |
| 600 Anton Boulevard, Suite 1400 | (302) 658-9200 |
| Costa Mesa, CA  92626-7689 | kjacobs@morrisnichols.com |
| (714) 427-7000 | ccucuzzella@morrisnichols.com |
| | |
| July 31, 2025 | *Attorneys for Plaintiff Cerebrum Sensor Technologies, Inc.* |